(Pleito No. 234.—Fallado el 15 de Diciembre de 1902.)

## ESMORIS contra GONZÁLEZ.

RECURSO contra sentencia dictada por la Corte de Distrito de Mayagüez.

BIENES EMBARGADOS ADQUIRIDOS POR UN TERCERO DURANTE EL LITIGIO. El tercero que hubiese adquirido bienes raíces durante procedimientos de embargo contra los mismos, tiene derecho á librar dichos bienes, y si dejare de hacerlo dentro de los diez días de notificado, se cancelará su inscripción de dominio.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á quince de Diciembre de mil novecientos dos, en el juicio seguido ante el Tribunal de Distrito de Mayagüez por Sucesores de Esmoris y Cª contra Juan González, liquidador de Juan González y Cª, en cobro de pesos; cuyo juicio pende ante Nos en virtud de recurso de casación por infracción de ley, interpuesto por la parte demandante, á la que han representado y defendido sucesivamente en esta Corte Suprema los Letrados Don Herminio Díaz Navarro y Don Jacinto Texidor, sin que haya comparecido la parte recurrida.—

Resultando: Que en once de Junio del año próximo pasado, Sucesores de Esmoris y Cª presentaron demanda ante el Tribunal de Distrito de Mayagüez contra Don Juan González, liquidador de Juan González y Cª, para el cobro de cuatro mil seiscientos noventa y seis pesos con setenta y siete centavos, oro americano, é intereses al tipo legal, á contar desde la fecha expresada, cantidad procedente de plazos vencidos de dos pagarés que Doña Angela Rivera y Don Juan González, como gestores de Juan González y Cª, y como viuda la primera de Don Evaristo Vázquez, por sus derechos á la herencia de éste, suscribieron, sin que conste la fecha: uno de dichos documentos á favor de Moral, González y Cª, tanto con ese carácter, cuanto con el de liquidadores de Sucesores de González, Arrarás y Cª, por la cantidad de ocho mil ciento dos pesos, cuarenta y nueve centavos, pagaderos en distintos plazos de mil doce pesos, ochenta y un centavos, de los cuales el primero vencería en treinta y uno de Diciembre de mil ochocientos noventa y seis, y el último en igual día y mes de mil novecientos tres; y el otro á favor de Don Francisco Blanes, por valor de cuatro mil cuatrocientos veinte y dos pesos, veinte y cuatro centavos, distribuídos en distintos plazos de quinientos cincuenta y dos pesos, setenta y ocho centavos, cada uno, á vencer en treinta y uno de Diciembre de los años mil ochocientos noventa y seis y siguientes, hasta mil novecientos tres; siendo el demandante dueño de ambos pagarés, por haberle sido adjudicados con otros bienes, por auto de veinte y dos de Octubre de mil novecientos, en juicio ejecutivo seguido contra Don Domingo Santos Vélez, el que los había adquirido por cesión que á su favor hicieran los Sres. Moral, González y Cª y Don Francisco Blanes, en escritura pública de veinte y tres de Febrero de mil ochocientos noventa y siete.—Resultando: Que declarada rebelde la parte demandada se decretó por auto de cuatro de Diciembre del año próximo pasado, á instancia de la parte actora, la retención de los bienes muebles de toda clase y el embargo de los

inmuebles de Don Juan González, liquidador de Juan González y Cª, en cuanto fueran necesarios para cubrir la cantidad reclamada, y en su consecuencia, con fecha seis del mismo mes, se practicó el embargo con cinco fincas rústicas, á saber: la primera de cuarenta y siete cuerdas, más ó menos, para café y frutos menores, con casa-habitación, casa-máquina, molino, glacis y demás necesarios para la elaboración de aquel fruto, radicada en el barrio de Cerrote, del término municipal de Las Marías; la segunda, de catorce cuerdas, más ó menos, para café y frutos menores, radicada en el barrio de Chamorro, del mismo pueblo; la tercera de veinte y cinco cuerdas, más ó menos, para café y frutos menores, con una casita para arrimados, ubicada en el barrio de Cerrote, anteriormente expresado; la cuarta, de cinco cuerdas, en el mismo barrio de Cerrote, y la quinta, de diez cuerdas, situada también en el propio barrio; de cuyo embargo se tomó anotación de suspensión en el Registro de la Propiedad de Mayagüez, con fecha veinte y tres de Diciembre citado, por los defectos de no estar inscritas las fincas embargadas á favor del deudor ni de ninguna otra persona; por no insertarse en el mandamiento el documento origen de la deuda, y por no determinarse la cantidad para costas, defectos subsanables en el término de sesenta días.—Resultando: Que seguido el juicio por sus trámites, se dictó sentencia en treinta y uno de Enero del corriente año, condenando á Don Juan González, como liquidador de Juan González y Cª, á que dentro de quinto día satisfaga á los demandantes Sucesores de Esmoris y Cª la cantidad adeudada de cuatro mil seiscientos noventa y seis pesos, setenta y siete centavos, oro americano, intereses desde la interposición de la demanda, y pago de las costas.—Resultando: Que en diez y siete del mismo Enero había solicitado la parte demandante se prorrogase á ciento ochenta días el término de sesenta que duraban los efectos de la suspensión de anotación del embargo, y dado traslado de tal pretensión á la parte demandada, que manifestó estar conforme, se

accedió á ella por auto de primero de Febrero siguiente;
y como en siete de Marzo presentara el actor certificación
de haber sido inscrita en el Registro de la Propiedad de
Mayagüez, con fecha primero de dicho mes, á favor de Don
Juan González como liquidador de Juan González y Cª,
la posesión de las cinco fincas embargadas, solicitando en su
consecuencia que se convirtiera en anotación preventiva la
de suspensión, el Tribunal así lo acordó en auto del día
siguiente, y el Registrador de Mayagüez hizo en veinte y
cuatro del propio Marzo la anotación de conversión orde-
nada.—Resultando: Que habiéndose traído á los autos,
certificación de las cargas que pesaban sobre las fincas
embargadas, expedida por el Registrador de la Propiedad
de Mayagüez, en veinte y seis de Febrero del corriente año,
aparece de la misma que en veinte y tres de Diciembre del
año anterior se tomó suspensión de anotación del embargo
de las mismas, ordenado en el presente juicio, y que poste-
riormente, ó sea en veinte y ocho de Enero, se tomó también
otra suspensión de anotación del embargo que sobre las
mismas se había practicado con fecha veinte y uno de
Diciembre citado, por orden de la Corte de Distrito de los
Estados Unidos, en juicio ejecutivo seguido por J. Fernán-
dez y Cª contra Juan González y Cª, en cobro de mil dos-
cientos cuarenta y seis dollars de principal, intereses al seis
por ciento, y treinta y nueve dollars de costas; sin que ni en
dicha certificación, ni en la otra mencionada de inscripción
de posesión, conste inscrito en el Registro de la Propiedad á
favor de J. Fernández y Cª el dominio de las fincas embar-
gadas, ni que la suspensión de anotación del embargo de las
mismas, practicado por orden de la referida Corte de Dis-
trito, se convirtiera en anotación preventiva.—Resultando:
Que para el cumplimiento de la sentencia se procedió á la
tasación de los bienes embargados y se ordenó la subasta de
los mismos en auto de veinte y cuatro de Marzo último,
señalándose para el remate el veinte y cuatro de Abril
siguiente, y con fecha del día primero de ese mes presentó

'escrito la representación de Esmoris y Cª con súplica de que, apareciendo de la certificación del Registro de la Propiedad unida á los autos, que los mismos bienes embargados habían sido trasmitidos por la Corte de Distrito de los Estados Unidos á J. Fernández y Cª, en liquidación, quienes en tal concepto tenían inscrito su dominio con fecha posterior á la anotación preventiva del embargo que sobre los mismos pesaba en el presente juicio, se hiciera saber á J. Fernández y Cª, en liquidación, el anuncio de la subasta, por si querían librar los bienes, pagando la cantidad consignada en la anotación para principal y costas, señalándoseles para ello el término de diez días, y procediéndose, si no lo hicieran, á cancelar en el Registro la inscripción de su dominio y cualquiera otra que se hubiere extendido después de la anotación.—Resultando: Que pedida copia certificada al Secretario de la Corte de los Estados Unidos, de la providencia de embargo y de su cumplimiento en el pleito allí seguido por J. Fernández y Cª, en liquidación contra Juan González y Cª, en cobro de pesos, expidió dicha certificación en doce de Abril último, y de ella aparece que en cuatro de Diciembre del año anterior fueron condenados á pagar á los demandantes la suma de mil doscientos cuarenta y seis dollars y veinte y tres centavos, con los intereses legales desde la fecha del fallo y las costas del juicio, y que en diez y seis del mismo Diciembre dedujeron los demandantes petición de ejecución que fué despachada favorablemente en diez y nueve, habiendo devuelto el Marshal diligenciado el mandamiento de ejecución en cuatro de Febrero con expresión de que había fijado aviso de embargo y de venta de los bienes embargados el día veinte y ocho de Diciembre de mil novecientos uno, siendo de notar que el referido Marshal, con fecha veinte y cuatro de Diciembre citado, había dado ya cuenta á la Corte de Distrito de Mayagüez de que J. Fernández y Cª, en liquidación, habían presentado demanda en veinte y tres de Marzo de dicho año contra Juan González y Cª, que fueron

emplazados en veinte y siete del propio mes, y en cuatro de Diciembre condenados á pagar al demandante la suma de mil doscientos cuarenta y seis dollars, veinte y tres centavos, intereses legales, desde la fecha de la sentencia, y las costas y gastos que se originaran, en cumplimiento de lo cual, con fecha veinte y uno de Diciembre había embargado las cinco fincas de Juan González y Cª, las cuales serían rematadas en pública subasta el día veinte y cuatro de Enero de mil novecientos dos á las diez de su mañana.—Resultando: Que en escrito de veinte y ocho de Abril solicitó la parte actora que por no haber habido postores en la subasta que tuvo lugar el día veinte y cuatro, se le adjudicaran, en harmonía con lo dispuesto en la Ley de Enjuiciamiento Civil, los bienes embargados, por las dos terceras partes de la cantidad en que fueron tasados, y á ese escrito y al anterior de primero de Abril proveyó el Tribunal de Mayagüez en auto de tres de Mayo, declarando no haber lugar á la notificación del anuncio de la subasta á los Sres. J. Fernández y Cª, ni tampoco á la adjudicación solicitada, contra cuyo acto ejercitaron Sucesores de Esmoris y Cª, recurso de reposición, la que también fué denegada por otro auto de nueve de Mayo.—Resultando: Que contra el mencionado auto de tres de Mayo ha interpuesto la representación de Sucesores de Esmoris y Cª, recurso de casación por infracción de ley, autorizado por los números 1 y 7 del artículo 1,690 de la Ley de Enjuiciamiento Civil, alegando como motivos los siguientes:— Primero. Que la Sala sentenciadora, lejos de consignar lo que consigna en el 4º Considerando del auto recurrido debió declarar probado:—1º Que los documentos de que procede la suma reclamada por Sucesores de Esmoris y Cª y que á éstos fueron adjudicados en juicio ejecutivo seguido contra Don Domingo Santos y Vélez, si bien no tienen fecha al pie, datan de día anterior al treinta y uno de Diciembre de mil ochocientos noventa y seis en que se vence el primer plazo de pago en ellos fijado. —2º Que ni en las comunicaciones del Marshal de la Corte

de Distrito de los Estados Unidos por el Distrito de Puerto Rico, ni en la certificación de dicha Corte relativa al juicio ante ella seguido por J. Fernández y Cª contra Juan González y Cª, ni en la otra certificación del Registrador de la Propiedad, de Mayagüez, sobre gravámenes de las fincas embargadas, ni en página alguna del proceso escrito se indica la fecha ni la naturaleza del crédito reclamado ante la Corte Federal por J. Fernández y Cª—3º Que según la diligencia de embargo y la nota del Registrador de la Propiedad, de Mayagüez, obrantes en autos, dicho embargo se practicó en seis de Diciembre de mil ochocientos noventa y uno, y en veinte y tres del propio mes fué anotada en el expresado Registro la suspensión de la anotación preventiva de dicho embargo, mientras que, según las comunicaciones del Marshal de la Corte Federal, certificación de dicha Corte y certificación también del Registro de la Propiedad, de Mayagüez, el embargo de las fincas hecho por la Corte Federal fué trabado en veinte y uno de Diciembre de mil novecientos uno, y anotada en veinte y ocho de Enero siguiente la suspensión de la anotación preventiva de dicho embargo.—4º Que la nota de suspensión de la anotación preventiva del embargo, hecho á instancia de Sucesores de Esmoris y Cª, se convirtió en anotación definitiva el veinte y cuatro de Marzo de mil novecientos dos, sin que haya en autos constancia alguna de que se haya hecho igual conversión en cuanto á la anotación de suspensión tomada por sesenta días, de la anotación preventiva del embargo practicado por orden de la Corte Federal, á instancia de J. Fernández y Cª, habiendo por ello caducado la anotación de suspensión.—5º Que tampoco hay en el juicio constancia alguna de que las fincas embargadas hayan sido rematadas y adjudicadas á J. Fernández y Cª, ni mucho menos de que esa adjudicación esté inscrita en el Registro de la Propiedad, habiendo incurrido la Sala sentenciadora, al no declarar probados los particulares apuntados, en error de hecho en la apreciación de las pruebas, error resultante de lo que de sí

arrojan de modo evidente los documentos públicos de que se deja hecho mérito, y cuyo error ha originado como consecuencia otro error de derecho en la apreciación de las pruebas, con infracción del artículo 1,218 del Código Civil, que señala el valor probatorio de los documentos públicos, dando margen uno y otro error á las siguientes infracciones de ley y de doctrina legal:—1ª La de los artículos 24, 25, 26, 27, 28 y 44 de la Ley Hipotecaria y párrafo 4º del artículo 1,923 del Código Civil, toda vez que no se ha reconocido la preferencia indiscutible de la anotación de suspensión de la anotación preventiva del embargo, hecho á instancia de Sucesores de Esmoris y Cª, convertida en anotación definitiva, sobre la anotación de suspensión del embargo hecho á instancia de J. Fernández y Cª, la cual fué tomada con posterioridad á aquélla, y resultaba además sin ningún valor en la fecha en que se dictó el auto recurrido, por no haberse subsanado dentro de los sesenta días los defectos indicados por el Registrador de la Propiedad.—2ª La del apartado 2º del párrafo 4º del artículo 71 de la Ley Hipotecaria, porque si la Sala sentenciadora, sin haber de ello constancia en autos, estimó que las fincas litigiosas habían sido adjudicadas á J. Fernández y Cª, claro es que tenían que serlo con la carga de la anotación preventiva y del embargo practicado á instancia de Sucesores de Esmoris y Cª, y para ser consecuente con su criterio infundado no pudo denegar, como denegó en el auto recurrido, la notificación á J. Fernández y Cª, que previene el precepto legal anteriormente citado.—3ª La de los artículos 918, 920, 921 y 1,502 de la Ley de Enjuiciamiento Civil, y de la doctrina legal establecida en las sentencias del Tribunal Supremo de España de diez y ocho de Mayo, veinte y tres de Junio y once de Octubre de mil ochocientos ochenta y tres, veinte y cinco de Mayo de mil ochocientos sesenta y catorce de Mayo y veinte y siete de Junio de mil ochocientos sesenta y siete, según las que procede la casación de los autos dictados en ejecución de sentencias cuando

contradicen el fallo que se ejecute ó se separan de lo en él dispuesto, ya que se ha denegado la adjudicación en pago al actor, de las fincas litigiosas embargadas y sacadas á pública subasta, sin que hubiera postor en la ejecución por la vía de apremio de un fallo firme.—4ª La de la doctrina legal, sentada por el Tribunal Supremo de España, en sus sentencias de diez y nueve de Diciembre de mil ochocientos ochenta y uno y catorce de Noviembre de mil ochocientos ochenta y cuatro, según las que, al hacerse firme una sentencia, debe llevarse á efecto lo juzgado y sentenciado, sin que pueda detenerse su cumplimiento, á no ser que lo impida un motivo legal, puesto que la Sala de oficio ha denegado la práctica de diligencias que la ley previene de modo categórico, y que son ineludibles, sin reclamación ni motivo alguno para ello.—5ª La de la doctrina legal sentada por esta Corte Suprema en sentencia de veinte de Septiembre de mil novecientos uno, en el caso de Don Tomás Grau con Don Florencio Francisco, exactamente igual al presente, en cuya sentencia se declara que lejos de ser impedimento legal para el cumplimiento de la sentencia de remate dictada en el mencionado juicio el hecho de haberse inscrito en el Registro de la Propiedad de San Germán la adjudicación hecha en pago de otro crédito á Damiani Hermanos por la Corte Provisional de los Estados Unidos, de las dos fincas embargadas á Don Florencio Francisco, inscripción de fecha posterior á la anotación preventiva del embargo, la Ley Hipotecaria en su artículo 71 ordena de modo expreso y terminante, sin distingos de clase alguna, lo que en semejante caso debío hacerse, y á lo ordenado por dicha ley debió darse exacto cumplimiento.— Visto: Siendo Ponente el Juez Asociado Don Louis Sulzbacher.—Considerando: Que la Ley Hipotecaria en su artículo 71, entre otros particulares ordena que cuando el demandante hubiere obtenido á su favor, con arreglo á derecho, mandamiento de embargo que se haya hecho efectivo en bienes raíces del deudor, llegado el caso de

anunciar su venta en pública subasta, se notificará ese anuncio, á instancia del actor, al que durante el litigio hubiese adquirido tales bienes, y el notificado·podrá librar los bienes de que se trate, pagando la cantidad consignada en la anotación para principal y costas, so pena de que no haciéndolo así en el término de diez días, se procederá á cancelar en el Registro la inscripción de su dominio, así como cualquiera otra que se hubiere extendido después de la anotación, á cuyo efecto y á instancia del rematante ó del adjudicatario se despachará el oportuno mandamiento al Registrador de la Propiedad.—Considerando : Que ante precepto tan terminante de la Ley Hipoteraria, á cuyas prescripciones están sujetos todos los Tribunales que funcionan en la Isla, al alegar la representación de Sucesores de Esmoris y Cª, en escrito de primero de Abril último, que J. Fernández y Cª tenían inscrito en el Registro de la Propiedad de Mayagüez el dominio de los bienes embargados con fecha posterior á la anotación preventiva del embargo, por habérselos trasmitido la Corte de Distrito de los Estados Unidos, y pedir en su consecuencia que se notificara el anuncio de la subasta á la expresada sociedad, por si quería librar dichos bienes, previo pago de la cantidad consignada en la anotación para principal y costas, señalándose á ese fin el término de diez días, y procediendo en su caso á cancelar en el Registro la inscripción de aquel dominio y cualquiera otra que se hubiere extendido después de la anotación, debió la Corte de Distrito de Mayagüez comprobar la alegación hecha, y si resultaba cierta, dar inmediata aplicación al artículo 71 de la Ley Hipotecaria anteriormente citado.—Considerando: Que en el caso de no resultar inscrito en el Registro de la Propiedad de Mayagüez el dominio de las fincas embargadas á favor de J. Fernández y Cª, ni de otra persona, la suspensión de anotación del embargo practicado por orden de la Corte de Distrito de los Estados Unidos, suspensión de anotación que es de fecha posterior á la tomada del embargo practicado en este juicio, con la circunstancia especial de que

no consta que aquélla se convirtiera en definitiva, y sí la otra, no podía ser motivo legal para que dejara de hacerse á la parte actora la adjudicación que pretendió de los bienes embargados por las dos terceras partes de su valor, pues lo que entonces procedía, no habiéndose presentado J. Fernández y Cª á defender la preferencia de su derecho, era hacer la adjudicación solicitada en harmonía con lo que previene el artículo 1,502 de la Ley de Enjuiciamiento Civil y cancelar cualquiera inscripción extendida después de la anotación del embargo, según el precepto que entraña el artículo 71 de la Ley Hipotecaria.—Considerando, en mérito de las razones expuestas: Que al proceder el Tribunal de Mayagüez, como procedió, denegando en términos absolutos, por su auto recurrido de tres de Mayo último, la notificación del anuncio de la subasta á J. Fernández y Cª y la adjudicación de bienes pretendida por la parte demandante, infringió el artículo 71 de la Ley Hipotecaria en su párrafo 4, el artículo 1,502 de la Ley de Enjuiciamiento Civil y la doctrina legal establecida por esta Corte Suprema en sentencia de veinte de Septiembre del año próximo pasado, infracciones todas alegadas en la exposición de los motivos 2º, 3º y 5º de la segunda parte del recurso; y que debiendo declararse éste con lugar por tales infracciones, se hace innecesario discutir las demás, según jurisprudencia ya establecida por esta Sala.—Fallamos: Que debemos declarar y declaramos haber lugar al recurso interpuesto por Sucesores de Esmoris y Cª contra el auto del tres de Mayo último, el cual casamos y anulamos, así como también su concordante de nueve del mismo año, sin especial condenación de costas; y el Tribunal de Distrito de Mayagüez proceda con arreglo á derecho, ordenando la notificación á J. Fernández y Cª, del anuncio de la subasta, si realmente estuviese inscrito á su favor en el Registro de la Propiedad el dominio de los bienes embargados, y cancelando en su caso, no sólo esa inscripción, sino cualquiera otra que se hubiere extendido con fecha posterior á la de suspensión de anotación del embargo practicado á instancia de Sucesores de Esmoris

y Cª y cuya anotación se convirtió luego en definitiva, todo sin perjuicio de los derechos de que se crean asistidos J. Fernández y Cª; lo que, con devolución de los autos, se comunique á dicho Tribunal á los efectos oportunos.—Así por esta nuestra sentencia, que se publicará en la forma debida, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Louis Sulzbacher.—J. H. MacLeary.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado de este Tribunal Supremo Don Luis Sulzbacher, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico, á quince de Diciembre de mil novecientos dos.— Antonio F. Castro, *Secretario.*